JUDGE BRIEANT                                    ORIGINAL

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: BRIAN M. FELDMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2777
Facsimile: (212) 637-2717

07 CV 11050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
EARLENE LAMAR,                        :
                                      :
                    Plaintiff,        :     **NOTICE OF REMOVAL**
                                      :
                                      :     07 Civ. ___
        -against-                     :
                                      :
NANCY JENKINS, M.D., DOUGLAS MARK     :
KAIDEN, M.D., SALVATORE PASQUALE,     :     Supreme Court of the State
M.D., JANE CHAN, M.D., BARRY KROSSER, :     of New York (Westchester Cty.)
M.D., HUDSON VALLEY HOSPITAL          :
CENTER, and PEEKSKILL AREA HEALTH     :     Index No. 21921/06
CENTER,                               :
                                      :
                    Defendants.       :
------------------------------------------------------- x

        PLEASE TAKE NOTICE THAT Defendants the Peekskill Area Health Center

("Peekskill") and Nancy Jenks ("Nurse Jenks")[*] (collectively, the "Federal Defendants"), by and

through their attorney, Michael J. Garcia, United States Attorney for the Southern District of

New York, hereby remove the above-captioned action to the United States District Court for the

Southern District of New York. The grounds for removal are as follows:

        1.      On or about November 6, 2006, Plaintiff Earlene Lamar commenced an

action in the Supreme Court of the State of New York, Westchester County, by filing a summons

---

        [*] Nancy Jenks is improperly identified in the complaint and caption as Nancy Jenkins,
M.D.

and complaint under index number 21921/2006.  A true and correct copy of the summons and complaint is attached hereto as Exhibit A.

2.      Pursuant to section 224 of the Public Health Service Act, 42 U.S.C. § 233, as principally amended by section 4 of the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, 84 Stat. 1868, 1870-71, and sections 3 through 8 of the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777, 777-81, Defendant Peekskill and its employees, including Defendant Nurse Jenks, were deemed on July 1, 1994, to be employees of the United States Government, and that status has continued uninterrupted since that date.  See Public Health Service Act § 224(g)-(j), (m), 42 U.S.C. § 233(g)-(j), (m).

3.      The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680, provides the exclusive remedy with respect to Plaintiff's claims against the Federal Defendants.  See Public Health Service Act § 224(a), 42 U.S.C. § 233(a).

4.      This action may be removed to this Court pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d)(2) because: (i) trial has not yet been had of this action; and (ii) this is a civil action brought against parties deemed to be employees of the United States Government for purposes of the FTCA.  A true and correct copy of the Certification of Michael J. Garcia, United States Attorney for the Southern District of New York, dated October 22, 2007, certifying that Defendant Peekskill and Nurse Jenks are employees of the United States for purpose of Plaintiff's claims against them, is attached hereto as Exhibit B.

Dated:        New York, New York
              December 6, 2007


                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for Defendants Peekskill
                              Area Health Center and Nancy Jenks


              By:    _____
                              BRIAN M. FELDMAN
                              Assistant United States Attorney
                              86 Chambers Street, Third Floor
                              New York, New York  10007
                              Telephone No.(212) 637-2777
                              Facsimile No. (212) 637-2717



To:           SANOCKI NEWMAN & TURRET
              Attorney for Plaintiff
              Joshua Fogel, Esq.
              225 Broadway, 8th Floor
              New York, New York 10007
              Telephone No. (212) 962-1190
              Facsimile No. (212) 964-1573

              SANTANGELO BENVENUTO & SLATTERY
              Attorneys for Douglas Mark Kaiden, M.D., and Barry Krosser, M.D.
              67 North Main Street
              New City, New York 10956
              Telephone No. (845) 634-6739
              Facsimile No. (845) 634-3242

              MARTIN CLEARWATER & BELL
              Attorneys for Jane Chane, M.D.
              245 Main Street
              White Plains, New York 10601
              Telephone No. (914) 328-2969
              Facsimile No. (914) 328-4056


                              3

PILKINGTON & LEGGETT, P.C.
Attorneys for Salvatore Pasquale, M.D.,
and Hudson Valley Hospital Center
222 Bloomingdale Road
White Plains, New York 10605
Telephone No. (914) 946-6774
Facsimile No. (914) 946-6719

Exhibit A

12/14/2006  03:50   9147348614                                    PAGE  02/18

**Supreme Court of the State of New York**
**County of Westchester**

---

EARLENE LAMAR,

                    Plaintiff,

        -against-

NANCY JENKINS, M.D., DOUGLAS MARK KAIDEN,
M.D., SALVATORE PASQUALE, M.D., JANE CHAN, M.D.,
BARRY KROSSER, M.D., HUDSON VALLEY HOSPITAL
CENTER, and PEEKSKILL AREA HEALTH CENTER,

                    Defendants

---

Index No. 21971 /06
Filed 11/6/06

Date Purchased:

# SUMMONS

Plaintiff designates
Westchester County as the
place of trial

The basis of venue is
Plaintiff's residence
Plaintiff resides at
48 Caroline Avenue
Yonkers, NY

**To the above-named Defendants:**

        **You are hereby summoned** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: New York, NY
            November 2, 2006
**Defendants' addresses:**


SEE RIDER

SANOCKI, NEWMAN & TURRET, LLP
**Attorneys for Plaintiff**

BY:
        Joshua Fogel
        **POST OFFICE ADDRESS**
        225 Broadway, 8th Floor
        New York, NY 10007
        (212) 962-1190

12/14/2006  03:50    9147348614    PAGE  03/18

002/019



12/14/2006  03:50    9147348614



## RIDER TO SUMMONS
**Lamar v. Jenkins, M.D. et al**

Nancy Jenkins, M.D.
Peekskill Area Health Center
1037 Main Street
Peekskill, NY

Salvatore Pasquale, M.D.
35 South Riverside Avenue
Croton on Hudson, NY

Barry Krosser, M.D.
1985 Crompond Road
Cortland Manor, NY

Barry Krosser, M.D.
3630 Hill Boulevard
Suite 103
Jefferson Valley, NY

Barry Krosser, M.D.
822 Route 82
Suite 302
Hopewell Junction, NY

Barry Krosser, M.D.
Douglas Mark Kaiden, M.D.
Salvatore Pasquale, M.D.
Jane Chan, M.D.
Hudson Valley Hospital Center
1980 Crompond Road
Cortlandt Manor, NY

12/14/2006  03:50    9147348614    PAGE  05/18

@005/019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
EARLENE LAMAR,

             Plaintiff,                        Index No.

    - against –                      **VERIFIED COMPLAINT**

NANCY JENKINS, M.D., DOUGLAS MARC KAIDEN,
M.D., SALVATORE PASQUALE, M.D., JANE CHAN,
M.D. BARRY KROSSER, M.D., HUDSON VALLEY
HOSPITAL CENTER, and PEEKSKILL AREA HEALTH
CENTER,

             Defendants.
-----------------------------------------------------------------X

    Plaintiff, EARLENE LAMAR, complaining of the defendants by her attorneys,

SANOCKI NEWMAN & TURRET, LLP, respectfully alleges upon information and belief, at

all times hereinafter, as follows:

### THE PARTIES

    1. Plaintiff EARLENE LAMAR resides at 48 Caroline Avenue, Yonkers, County of

Westchester, State of New York.

    2. Defendant NANCY JENKINS, M.D. (hereinafter referred to as "JENKINS") is a

physician duly licensed to practice medicine in the State of New York.

    3. Defendant JENKINS held herself out as a physician duly licensed to practice

medicine in the State of New York.

    4. Defendant JENKINS held herself out as a physician specializing in the field of

internal medicine.

12/14/2006  03:50    9147348614                                           PAGE  06/18
                                                                        006/018



5. Defendant JENKINS maintains an office for her practice at defendant PEEKSKILL AREA HEALTH CENTER (hereinafter referred to as "PEEKSKILL") located at 1037 Main Street, Peekskill, County of Westchester, State of New York.

6. Defendant JENKINS held herself out to the public at large, and more particularly to plaintiff EARLENE LAMAR, as a physician duly qualified and capable of rendering requisite medical care and treatment to the public at large, and more particularly, the plaintiff herein.

7. Defendant JENKINS held herself out as an agent, servant and/or employee of defendant PEEKSKILL.

8. Defendant DOUGLAS MARC KAIDEN, M.D. (hereinafter referred to as "KAIDEN") is a physician duly licensed to practice medicine in the State of New York.

9. Defendant KAIDEN held himself out as a physician duly licensed to practice medicine in the State of New York.

10. Defendant KAIDEN held himself out as a physician specializing in the field of Emergency Medicine.

11. Defendant KAIDEN maintains an office for his practice located at defendant HUDSON VALLEY HOSPITAL CENTER (hereinafter referred to as "HOSPITAL") located at 1980 Crompond Road, Cortlandt Manor, County of Westchester, State of New York.

12. Defendant KAIDEN held himself out to the public at large, and more particularly to plaintiff EARLENE LAMAR, as a physician duly qualified and capable of rendering requisite medical care and treatment to the public at large, and more particularly, the plaintiff herein.

13. Defendant KAIDEN is an agent, servant and/or employee of defendant HOSPITAL.

14. Defendant SALVATORE PASQUALE, M.D. (hereinafter referred to as "PASQUALE") is a physician duly licensed to practice medicine in the State of New York.

12/14/2006  03:50    9147348614                                    PAGE  07/18
                                                                    007/019

15. Defendant PASQUALE held himself out as a duly licensed to practice medicine in the State of New York.

16. Defendant PASQUALE held himself out as a physician specializing in the field of neurology.

17. Defendant PASQUALE maintains an office for his practice at defendant HOSPITAL located at 1980 Crompond Road, Cortlandt Manor, County of Westchester, State of New York.

18. Defendant PASQUALE maintains an office for his practice located at 35 South Riverside Avenue South, Croton on Hudson, County of Westchester, State of New York.

19. Defendant PASQUALE held himself out to the public at large, and more particularly to plaintiff EARLENE LAMAR, as a physician duly qualified and capable of rendering requisite medical care and treatment to the public at large, and more particularly, the plaintiff herein.

20. Defendant PASQUALE is an agent, servant and/or employee of defendant HOSPITAL.

21. Defendant JANE CHAN, M.D. (hereinafter referred to as "CHAN") is a physician duly licensed to practice medicine in the State of New York.

22. Defendant CHAN held herself out as a physician duly licensed to practice medicine in the State of New York.

23. Defendant CHAN held herself out as a physician specializing in the field of neurology.

24. Defendant CHAN maintains an office for her practice at defendant HOSPITAL located at 1980 Crompond Road, Cortlandt Manor, County of Westchester, State of New York.

12/14/2006  03:50  9147348614

25. Defendant CHAN held herself out to the public at large, and more particularly to plaintiff EARLENE LAMAR, as a physician duly qualified and capable of rendering requisite medical care and treatment to the public at large, and more particularly, the plaintiff herein.

26. Defendant PASQUALE is an agent, servant and/or employee of defendant HOSPITAL.

27. Defendant BARRY KROSSER, M.D. (hereinafter referred to as "KROSSER") is a physician duly licensed to practice medicine in the State of New York.

28. Defendant KROSSER held himself out as a physician duly licensed to practice medicine in the State of New York.

29. Defendant KROSSER held himself out as a physician specializing in the field of neurosurgery.

30. Defendant KROSSER maintains an office for his practice located at 1985 Crompoud Road, Cortland Manor, County of Westchester, State of New York.

31. Defendant KROSSER maintains an office for his practice located at 3630 Hill Boulevard, Suite 103, Jefferson Valley, County of Westchester, State of New York.

32. Defendant KROSSER maintains an office for his practice located at 822 Route 82, Suite 302, Hopewell Junction, County of Dutchess, State of New York.

33. Defendant KROSSER maintains an office for his practice at defendant HOSPITAL located at 1980 Crompond Road, Cortlandt Manor, County of Westchester, State of New York.

34. Defendant KROSSER held himself out to the public at large, and more particularly to plaintiff EARLINE LAMAR, as a physician duly qualified and capable of rendering requisite medical care and treatment to the public at large, and more particularly, the plaintiff herein.

12/14/2006  03:50     9147348614                                                                PAGE   09/18
@008/019

35. Defendant KROSSER is an agent, servant and/or employee of defendant HOSPITAL.

36. Defendant HOSPITAL owns and/or operates a hospital facility located at 1980 Crompond Road, Cortlandt Manor, County of Westchester, State of New York.

37. Defendant HOSPITAL, its agents, servants and/or employees operated, maintained, managed, controlled and supervised the aforesaid clinic and/or medical center which held itself out to the public at large and, more particularly, to the plaintiff herein, as a facility duly qualified and capable of rendering adequate medical care and treatment to the public at large and for such purposes hired physicians, surgeons, radiologists, nurses, nurse practioners, attendants and other personnel.

38. Defendant HOSPITAL, its agents, servants and/or employees held itself out to the public at large and, more particularly, to the plaintiff herein, as a clinic and/or medical center duly qualified and capable of rendering adequate medical care and treatment to the public at large and for such purposes hired physicians, surgeons, radiologists, nurses, nurse practitioners, attendants and other personnel.

39. Defendant PEEKSKILL is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

40. Defendant PEEKSKILL owns and/or operates a medical center located at 1037 Main Street, Peekskill, County of Westchester, State of New York.

41. Defendant PEEKSKILL, its agents, servants and/or employees operated, maintained, managed, controlled and supervised the aforesaid medical centers which held themselves out to the public at large and, more particularly, to the plaintiffs herein, as facilities duly qualified and capable of rendering adequate medical care and treatment to the public at

12/14/2006  03:50   9147348614                                    PAGE  16/18
                                                                ☎ 016/018

large and for such purposes hired physicians, surgeons, radiologists, nurses, nurse practioners, attendants and other personnel.

## THE UNDERLYING FACTS

42. From in or about 2000, and continuing through March 23, 2005, plaintiff EARLENE LAMAR came under the medical care and treatment of defendant JENKINS.

43. It was the duty of defendant JENKINS to reasonably care for, treat and/or supervise her patients, and more particularly, the plaintiff herein.

44. Defendant JENKINS attended to the plaintiff in the course and scope of her employment with defendant PEEKSKILL.

45. From on or about March 19, 2005 and continuing through on or about March 25, 2005, plaintiff EARLENE LAMAR came under the medical care and treatment of defendant KAIDEN.

46. It was the duty of defendant KAIDEN to reasonably care for, treat and/or supervise his patients, and more particularly, the plaintiff herein.

47. Defendant KAIDEN attended to the plaintiff in the course and scope of his employment with defendant HOSPITAL.

48. From on or about March 19, 2005 and continuing through on or about March 25, 2005, plaintiff EARLENE LAMAR came under the medical care and treatment of defendant PASQUALE.

49. It was the duty of defendant PASQUALE to reasonably care for, treat and/or supervise his patients, and more particularly, the plaintiff herein.

50. Defendant PASQUALE attended to the plaintiff in the course and scope of his employment with defendant HOSPITAL.

12/14/2006   03:50    9147348614                                                   PAGE   11/18

51. From on or about March 19, 2005 and continuing through on or about March 25, 2005, plaintiff EARLENE LAMAR came under the medical care and treatment of defendant CHAN.

52. It was the duty of defendant CHAN to reasonably care for, treat and/or supervise her patients, and more particularly, the plaintiff herein.

53. Defendant CHAN attended to the plaintiff in the course and scope of her employment with defendant HOSPITAL.

54. From on or about March 19, 2005 and continuing through on or about March 25, 2005, plaintiff EARLINE LAMAR came under the medical care and treatment of defendant KROSSER.

55. It was the duty of defendant KROSSER to reasonably care for, treat and/or supervise her patients, and more particularly, the plaintiff herein.

56. Defendant KROSSER attended to the plaintiff in the course and scope of his employment with defendant HOSPITAL.

57. From on or about March 19, 2005 and continuing through on or about March 25, 2005, plaintiff EARLENE LAMAR came under the medical care and treatment of defendant HOSPITAL, its agents, servants and/or employees.

58. It was the duty of defendant HOSPITAL to reasonably care for, treat and/or supervise its patients, and more particularly, the plaintiff herein.

59. From in or about 2000, and continuing through March 23, 2005, plaintiff EARLENE LAMAR came under the medical care and treatment of defendant PEEKSKILL, its agents, servants and/or employees.

12/14/2006  03:50    9147348614                                          PAGE   12/18

60. It was the duty of defendant PEEKSKILL to reasonably care for, treat and/or supervise its patients, and more particularly, the plaintiff herein.

## AS AND FOR A FIRST CAUSE OF ACTION

61. The medical care and treatment rendered by the defendants was rendered in a careless and negligent manner, not in accordance and conformity with proper and accepted medical practice and procedure.

62. The defendants, their agents, servants and/or employees were careless and negligent in the medical care and treatment of the plaintiff, in among other things, failing to diagnose the plaintiff's underlying etiology; in failing to perform a proper physical examination of the plaintiff; in failing to timely refer the plaintiff to proper specialists; in failing to timely refer the plaintiff to a neurological surgeon; in delaying surgery; in allowing the plaintiff's condition to worsen and deteriorate; in failing to timely perform a surgical procedure to decompress the plaintiff; in failing to perform imaging studies of the plaintiff on March 19, 2005; in failing to recognize plaintiff's worsening and deteriorating condition and treat same in a timely and appropriate manner; in failing to recognize that plaintiff was suffering from L4-L5 large extruded herniation causing progressive causa equina compression; in improperly performing a surgical procedure on the plaintiff; in improperly performing a lumbar decompression with bilateral generous laminotomies, removal of a large extruded herniation L4-5; in using improper surgical technique; in failing to recognize the seriousness of the plaintiff's condition; in failing to recognize and promptly treat the plaintiff's herniated lumbar disc; in failing to closely monitor the plaintiff's signs, symptoms and complaints; in failing to timely and promptly recognize the progressive nature of the plaintiff's symptoms and condition and in failing to promptly treat same; in failing to heed and/or ignore                                          ness and

numbness in his lower extremities; in failing to recognize cauda equina syndrome; in failing to properly treat same; in failing to take a thorough and proper history; in failing to properly observe and monitor plaintiff EARLENE LAMAR's condition; in failing to call in specialists for consultation, care and treatment; in failing to perform prompt CT scans and/or MRI's on the plaintiff's lower back; in failing to perform a timely CT myelogram of the plaintiff's back; in failing to properly, promptly and adequately provide for pre-surgical diagnosis, care and treatment; in failing to properly treat the plaintiff prior to surgery; in failing to stabilize the plaintiff's condition prior to surgery; in ignoring and/or failing to heed the plaintiff's signs, symptoms and complaints; in canceling and/or failing to carry out necessary tests that were ordered; in failing to adequately document the plaintiff's signs, symptoms and complaints in a timely and thorough manner; in failing to promptly recognize and treat the onset and progression of neurological deficits; in failing to promptly recognize and treat the onset and progression of cauda equina syndrome; in failing to promptly recognize and treat a disc herniation causing compression on the nerves of the spinal nerves; in failing to perform prompt and proper surgery before permanent injury resulted; in ignoring the signs, symptoms and complaints of cauda equina syndrome for a prolonged period of time, which resulted in permanent injuries; in failing to perform a proper, thorough, and accurate work-up and physical examination of the plaintiff; in failing to perform appropriate physical examinations of the plaintiff; in failing to consult with competent neurologists, neurosurgeons and spine experts; in failing to take timely and effective steps to treat and prevent the plaintiff from suffering adverse consequences before, during and after surgery; in permitting and allowing the patient's condition to worsen and deteriorate; in causing, and contributing to permanent neurological injuries; in failing to perform prompt surgery on the plaintiff's back and herniated disc; in

12/14/2006   03:50   9147348614                                                      PAGE   14/18

causing injury to the plaintiff's spine, nerves, nerve roots and nervous system; in failing to

undertake the proper precautions so as to avoid medical complications; in failing to obtain

appropriate and indicated medical consultations; in failing to follow standard and accepted

medical and diagnostic care, treatment, examination and management; in improperly retaining

unqualified and unskillful physicians and personnel; in failing to review and evaluate staff and

physicians at indicated intervals; in granting privileges to incompetent personnel; in failing to

properly read and interpret the results of those tests and studies that were taken; in failing to

call in competent specialists for consultation, care and treatment; in failing to avoid

unnecessary delay in treating the plaintiff's decedent; in failing to obtain an informed consent;

in failing to exercise the degree of skill, care and diligence to which this patient was entitled;

and these defendants were otherwise careless and negligent.

     63. As a result of the carelessness and negligence of the defendants, plaintiff

EARLENE LAMAR was caused to sustain severe and personal injuries, including, among

other things, bilateral sensory disruption; lower extremity weakness; inability to properly

ambulate; incontinence of bladder and bowel; sensory disruption of the area of the perineum;

disrupted sensation of the genitals; lumbar wound infection; was caused to undergo a lumbar

irrigation and debridement, exploration of lumbar wound, exploration of nerve roots bilaterally

L4-5; was caused to be catheterized; requires a walker to ambulate; is caused to wear bilateral

leg braces; bilateral foot drop; requires assistance with activities of daily living including

bathing, dressing and ambulating; required prolonged physical therapy and occupational

therapy; severe and excruciating pain and suffering; gait and balance problems; plaintiff's

physical condition renders her unable to carry out normal tasks and fundamental day to day

activities of daily living; was and is caused to suffer mental anguish, emotional distress,

embarrassment and anxiety; was caused to be rendered sick and disabled; was caused to undergo extensive medical care, treatment and procedures and may, in the future, be so caused; was caused to undergo extensive diagnostic tests and procedures and may, in the future, be so caused; loss of enjoyment of life; plaintiff suffers from an inability to engage in and enjoy the same social recreational activities as she formerly did; and this plaintiff was otherwise damaged, all of which damages and injuries are permanent in nature and continuing into the future.

64. By reason of the foregoing, the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

65. By reason of the foregoing plaintiff is entitled to recover all of her damages from the defendant pursuant to CPLR 3017(c), the amount of which exceeds the jurisdictional limits of all lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION

66. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "64" inclusive, with the same force and effect as if more fully set forth at length herein.

67. Proper medical practice and procedure required defendants to obtain plaintiff EARLENE LAMAR's consent or the consent of an individual authorized to act upon her behalf, to the treatment, or lack of treatment rendered to the plaintiff.

68. A reasonably prudent person in the plaintiff EARLENE LAMAR's position or the position of an individual authorized to act on her behalf would not have undergone the treatment or lack of treatment provided by the defendants had she been properly informed of the risks and hazards and alternatives of such treatment, or lack of treatment.

## ATTORNEY'S VERIFICATION

JOSHUA FOGEL, an attorney and Associate of the law firm of SANOCKI

NEWMAN & TURRET, LLP, attorneys for the plaintiff(s) in the within action, duly

admitted to practice law in the Courts of the State of New York, affirms the following

statements to be true under the penalties of perjury, pursuant to Rule 2106 of the CPLR:

That affirmant has read the foregoing COMPLAINT and knows the contents

thereof, that the same is true to affirmant's own knowledge, except as to the matters therein

stated to be alleged upon information and belief, and that as to those matters affirmant

believes them to be true.

Affirmant further states that the source of affirmant's information and grounds of

affirmant's belief are derived from the file maintained in the normal course of business of

the attorneys for the plaintiff(s).

Affirmant further states that the reason this verification is not made by the plaintiff

is that the plaintiff does not reside within the County of New York, which is the County

where the attorneys for the plaintiff(s) herein maintains their offices.

Dated: New York, New York
      November 2, 2006

                                                  Joshua Fogel

Exhibit B

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: BRIAN M. FELDMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York  10007
Telephone: (212) 637-2777
Facsimile: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

EARLENE LAMAR,                          :        **CERTIFICATION**
                                        :
            Plaintiffs,                 :        07 Civ. ___
                                        :
    -against-                           :
                                        :
NANCY JENKINS, M.D., DOUGLAS MARK       :        Supreme Court of the State
KAIDEN, M.D., SALVATORE PASQUALE,       :        of New York (Westchester Cty.)
M.D., JANE CHAN, M.D., BARRY KROSSER,   :
M.D., HUDSON VALLEY HOSPITAL CENTER,    :        Index No. 21921/06
and PEEKSKILL AREA HEALTH CENTER,       :
                                        :
            Defendants.

------------------------------------------------------------ x

    I, MICHAEL J. GARCIA, the United States Attorney for the Southern District of New

York, pursuant to the provisions of section 224 of the Public Health Service Act, 42 U.S.C.

§ 233, and 28 U.S.C. § 2679(d), and by virtue of the authority vested in me by the Attorney

General under 28 C.F.R. § 15.4, hereby certify, on the information now available, that defendants

Nancy Jenks[*] and Peekskill Area Health Center were acting within the scope of their employment

at the time they rendered medical care to Plaintiff, and that, pursuant to section 224(g) of the

---

    [*] Nancy Jenks is improperly identified in the complaint and caption as Nancy Jenkins,
M.D.

Public Health Service Act, 42 U.S.C. § 233(g), defendants Nancy Jenks and Peekskill Area

Health Center are deemed to be employees of the United States under the Federal Tort Claims

Act.

Dated: New York, New York
       October 22, 2007

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

2